Opinion issued February 6, 2020



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-19-00562-CV

———————————

**ROSA SAENZ AND JOAQUIN SAENZ-REYNA, Appellants**

**V.**

**STARLIGHT INTERNATIONAL INC. D/B/A COUNTRYSIDE INN, Appellee**

---

**On Appeal from the 155th District Court**
**Austin County, Texas**
**Trial Court Case No. 2018V-0022**

---

## MEMORANDUM OPINION

Rosa Saenz and Joaquin Saenz-Reyna appeal from the trial court's summary judgment disposing of their personal-injury claims. We affirm.

# BACKGROUND

Saenz and Saenz-Reyna sued Countryside Inn for injuries sustained by Saenz during their hotel stay when the bathroom sink in their room fell on her foot. They alleged causes of action for negligence, negligence per se, premises liability, and breaches of warranties in violation of the Deceptive Trade Practices Act.

Countryside Inn moved for summary judgment. In its motion, it argued that:

- Saenz and Saenz-Reyna's allegations are solely cognizable as a claim for premises liability rather than one for negligence or negligence per se;

- they could not prevail in premises liability because there is no evidence that the Inn knew or should have known of the sink's condition;

- they could not prevail under the DTPA because there is no evidence that the Inn concealed or misrepresented the sink's condition; and

- they could not prevail for any breach of warranty because there is no evidence of causation or of several other elements of warranty claims.

Saenz and Saenz-Reyna filed a perfunctory response to Countryside Inn's summary-judgment motion in which they asserted that the owners of the Inn were not citizens of the United States. Saenz and Saenz-Reyna did not address the Inn's summary-judgment arguments. Nor did they submit evidence in response to Countryside Inn's no-evidence summary-judgment challenges.

The trial court granted summary judgment in Countryside Inn's favor and dismissed Saenz and Saenz-Reyna's claims with prejudice.

## DISCUSSION

Saenz and Saenz-Reyna contend that the clerk's record contains evidence supporting each essential element of their claims and that the trial court therefore erred in granting summary judgment and dismissing their claims with prejudice.

### Appellate Briefing Requirements

*Applicable Law*

An appellant's brief must contain a statement of facts that provides "the facts pertinent to the issues or points presented" and this statement "must be supported by record references." TEX. R. APP. P. 38.1(g). An appellant's brief also must contain an argument that provides "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). These requirements are mandatory; a party who does not appropriately cite authority and the record waives his appellate complaint. *Perry v. Cam XV Tr.*, 579 S.W.3d 773, 779 (Tex. App.—Houston [1st Dist.] 2019, no pet.). This court is not obliged to independently review the record, research the law, and make arguments on an appellant's behalf when he fails to do so. *Guimaraes v. Brann*, 562 S.W.3d 521, 538 (Tex. App.—Houston [1st Dist.] 2018, pet. denied); *Eagle Oil & Gas Co. v. Shale Expl.*, 549 S.W.3d. 256, 286 (Tex. App.—Houston [1st Dist.] 2018, pet. dism'd).

*Analysis*

Saenz and Saenz-Reyna's statement of facts is two sentences. They state that this is a personal-injury case and assert that their original and amended petitions raise genuine issues of material fact requiring a jury trial.

Saenz and Saenz-Reyna's argument is three pages. In their argument, they do not cite legal authority in support of their position that the trial court erred in granting summary judgment and dismissing their claims. Nor do they include citations to the record that raise genuine issues of material fact for resolution by a jury. Instead, in their statement of the case, Saenz and Reyna incorporate the entirety of the 501-page clerk's record by reference.

In Saenz and Saenz-Reyna's reply, they again refer to the 501-page clerk's record without identifying any specific evidence that defeats summary judgment. They also generally refer to "deposition excerpts" in the record without identifying particular excerpts that defeat summary judgment.

Saenz and Saenz-Reyna's pleadings are not competent summary-judgment evidence and thus cannot defeat summary judgment. *Cardenas v. Bilfinger TEPSCO, Inc.*, 527 S.W.3d 391, 401 (Tex. App.—Houston [1st Dist.] 2017, no pet.). It is their job to show by citation to authority and the record that the trial court committed reversible error. TEX. R. APP. P. 38(g), (i). We are not obligated to independently review the summary-judgment record for fact issues that Saenz and

4

Saenz-Reyna have not demonstrated through appropriate citations to authority and the record. *Guimaraes*, 562 S.W.3d at 538; *Eagle Oil*, 549 S.W.3d. at 286.

We hold that Saenz and Saenz-Reyna have waived their appellate complaint by failing to comply with Rule 38.1(g), (i). *See Perry*, 579 S.W.3d at 779.

**Pending Motions**

Countryside Inn has moved for sanctions against opposing counsel for filing a frivolous appeal. Saenz and Reyna, in turn, have moved to strike Countryside Inn's brief in whole or part and for sanctions against its counsel. They also have moved for leave to file new claims and causes of action in response to Countryside Inn's brief. None of these motions is made with the particularity, including citations to the applicable law, necessary to allow this court to grant the relief requested. We therefore deny these motions.

**CONCLUSION**

We affirm the trial court's judgment.


Gordon Goodman
Justice

Panel consists of Chief Justice Radack and Justices Kelly and Goodman.

5